UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JAMES BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:14-CV-246-TLS |
| | ) | |
| ALLEN COUNTY SHERIFF DAVID GLADIUEX, | ) ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

The Plaintiff, James Brooks, has filed a Response to Partial Motion for Summary Judgment [ECF No. 23], in which he states that he has "decided that he will not proceed forward" on the claims that were the subject of the Defendant's Motion for Partial Summary Judgment [ECF No. 20]. Specifically, he states that he is no longer pursuing the following claim:

> 1. Any claims asserted against unnamed "John Doe" Defendants that were asserted under state [or] federal law, including any state tort negligence and any Fourteenth Amendment violation claims.

(Pl.'s Resp. 1.) Additionally, he clarifies that he never intended to assert any federal law claims against the Defendant:

> 2. The Plaintiff did not assert any individual capacity claims nor any official capacity claims against the Sheriff, under state or federal law, and therefore will not proceed on any allegations against the Sheriff in his individual or official capacity.

(Pl.'s Resp. 1–2.) The Plaintiff does still intend to establish that the Defendant is liable to him in his representative capacity under the theory of respondeat superior, for damages the Plaintiff suffered as a result of negligence of the Defendant's employees when they transported him to the Allen County Jail. This claim was not a subject of the Defendant's Motion for Partial Summary

Judgment, as the Defendant acknowledged that genuine issues of material fact precluded the entry of summary judgment on the negligence claim.

The parties' submissions establish that the only claim that is remaining in this litigation is based on state law. The Court's jurisdiction over this claim is based on the supplemental jurisdiction statute, 28 U.S.C. § 1367(a), which extends the jurisdiction of federal district courts to all claims that are sufficiently related to the claim or claims on which their original jurisdiction is based to be part of the same case or controversy within the meaning of Article III of the Constitution. "When federal claims drop out of the case, leaving only state-law claims, the district court has broad discretion to decide whether to keep the case or relinquish supplemental jurisdiction over the state-law claims." *RWJ Mgmt. Co. v. BP Products N. Am., Inc.*, 672 F.3d 476, 478 (7th Cir. 2012); *see also* 28 U.S.C. § 1367(c)(3) (stating that a court may decline to exercise supplemental jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction"). "[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994); *see also Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) (noting that established law of this circuit is that the "usual practice" is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed before trial). Additionally, § 1367(d) grants the plaintiff an additional 30 days (or longer if provided by State law) to re-file dismissed supplemental claims in state court.

Upon consideration of judicial economy, convenience, fairness, and comity, *see Wright*, 29 F.3d at 1251, this Court does not find a basis to retain jurisdiction of the case, *see Williams*

*Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007) (identifying three situations in which jurisdiction over supplemental state claims should be retained even though the federal claims have dropped out). This Court has not engaged in any meaningful review of the merits of the remaining claim, or otherwise committed substantial judicial resources to it. The resources spent by the parties can be applied to the litigation in state court. An Indiana court should decide the Plaintiff's state law claim against the Sheriff.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Motion for Partial Summary Judgment [ECF No. 20], DISMISSES any federal claims from this litigation, and RELINQUISHES JURISDICTION over the remaining state law claim. The Clerk is DIRECTED to close this case.

SO ORDERED on April 26, 2016.

                                                 s/ Theresa L. Springmann
                                                THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT